**GEORG JENSEN, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 178, Docket 25787.

United States Court of Appeals
Second Circuit.

Petition for Rehearing May 20, 1960.

Decided June 20, 1960.

------◆------

Charles T. Beeching, Jr., and Joseph M. Field, Asst. U. S. Attys., New York City (S. Hazard Gillespie, Jr., U. S. Atty. for Southern District of New York, New York City, on the petition), for defendant-appellee.

John J. Costello and John J. Loflin, Jr., New York City (Kelley, Drye, Newhall & Maginnes, New York City, opposing the petition), for plaintiff-appellant.

Before MEDINA and WATERMAN, Circuit Judges, and MADDEN, Judge, United States Court of Claims.*

MEDINA, Circuit Judge.

In its petition for rehearing the government primarily relies upon our mistaken belief that the words in Section 800 of the Revenue Act of 1926 quoted in our opinion were eliminated from the 1939 Code which is now before us. As the government points out "the quoted language was not eliminated from the 1939 Code but rather was placed in a separate section [1809] in substantially the same form." However, this part of the statute is concerned with the question of who shall pay a tax after it is determined that a tax is due. As it is the latter question with which we are concerned, our previous conclusion is unaffected by the absence of any substantial change in the language of the statute. We mentioned this previously only in an attempt to explain factors that might have led other courts to put the test in terms of furtherance of a "corporate function." But as noted in the next to last paragraph of our opinion, we disagree with this test and the reasoning of the courts that have adopted it.

For the first time the government now contends that as "the first extension agreement created an entirely new obligation on the part of appellant and released the straw man from his obligations on the original bond and mortgage" the "first so-called extension agreement in the instant case should be treated not merely as a 'renewal' but as an instrument taxable in its own right as a bond, and the second extension agreement should accordingly be treated as a renewal of the first."

We do not agree that the instruments in question which purport to be and are generally considered to be [1] extensions of an agreement may be taxed as a bond and a renewal of this bond merely because the first instrument would be treated as a new agreement for some purposes by the law of mortgages and suretyship. A careful reading of United States v. Leslie Salt Co., 1956, 350 U.S. 383, 76 S.Ct. 416, 100 L.Ed. 441, reinforces this conclusion.

Petition for rehearing denied.

---

* Sitting by designation.

1. Until now the government has contended that both instruments were renewals.